In the Matter of 551 FIFTH AVENUE, INC., Petitioner. HALCO CHEMICAL CORPORATION et al., Respondents.

Supreme Court, Special Term, New York County, September 13, 1949, on reargument, November 7, 1949.

*Kenneth C. Newman* for petitioner.

*Jacob Lippman* for Louis Harris, respondent.

GREENBERG. The petition is sufficient without the inclusion of the allegations contained in paragraph " 7 " (*Hirshon* v. *Bershad*, N. Y. L. J., August 24, 1949, p. 317, col. 2). The motion to strike out paragraph 7 is, therefore, granted.

(On reargument, November 7, 1949.)

This is an application for reargument by the petitioner of respondent's motion to strike out paragraph 7 of the petition on the ground that it was irrelevant and unnecessary. Specifically, it was the contention of the respondents that under the 1949 amendment (L. 1949, ch. 535) to the Business Rent Law (L. 1945, ch. 314, as amd.) cost of maintenance and operation of the property may not be included in arriving at the fair rental

value per square foot of space in the building. The petitioner urged that the cost of maintenance and operation was contemplated when the Legislature provided an alternative method of fixing the rent.

The court, on the original motion, struck out paragraph 7 of the petition, not because it subscribed to the argument advanced by the respondents, but because it was of the opinion that such inclusion in the petition was unnecessary, since it was clearly implied in the amendment to the Business Rent Law that operating expenses and cost of maintenance were necessarily to be considered in determining the fair rental. However, the petitioner fears that the *ratio decidendi* might be misconstrued, the court not having set forth in detail the reasons for the disposition made at Special Term. In these circumstances, therefore, clarification is desirable.

The Legislature, in 1944, appointed a joint committee to inquire into an emergency claimed to exist with respect to the rentals of premises occupied for commercial purposes. After exhaustive study and investigation, the committee reported that a public emergency existed on March 1, 1943, and still exists, because of the exaction and attempted exaction by landlords of unjust, unreasonable and oppressive agreements for the payment of rent with regard to certain types of commercial real property. Accordingly, in 1945, chapters 3 and 314 of the Laws of 1945 were enacted. By their provisions an emergency rent was fixed at a level of 15% above rents charged on March 1, 1943, if commercial space (L. 1945, ch. 3, § 1) and June 1, 1944, if business space (L. 1945, ch. 314, § 1). The fixation of a reasonable rental was also provided for and the procedure necessary to establish it was set forth.

In 1949 the Legislature, following a report of the New York State Temporary Commission to Study Rents and Rental Conditions (N. Y. Legis. Doc., 1949, No. 52), enacted an amendment to the rent laws by adding a third paragraph to section 4 of chapter 314 of the Laws of 1945. The intention of the Legislature and the meaning of the language embodied in the amendment are both made clear when the report of the commission is considered. It stated, among other things, as follows:

" An alternative to 6 per cent plus 2 per cent formula is recommended to determine rental value per square foot.

"A survey by the Commission and its predecessor Committee has shown a considerable number of instances where the rent paid by certain tenants is less than would yield a fair return to the owner on the proportionate space occupied. In many cases

the owner is without a remedy, because the rents received from the entire property preclude relief.

" Under the proposed amendment a landlord of either commercial or business property would be afforded an *additional remedy* by petitioning the Supreme Court to require a statutory tenant whose emergency rent for the proportionate space occupied by him is less than would yield a fair return to the landlord, to pay a rental which will give the landlord a fair return for the space so occupied. The rent so fixed would thereafter be deemed the emergency rent." (Italics supplied.)

This recommendation of the commission admits of no doubt. Its purpose was to provide an alternative remedy for the landlord and to insure that the landlord might obtain rent from a tenant which was yielding less than a fair return on the proportionate space occupied, without regard to whether or not the entire premises yielded a fair return to the landlord on the basis of the formula set up in the pertinent provisions of the statute.

The Legislature in 1949 adopted the recommendation of the commission and provided in the third paragraph of section 4 of the Business Rent Law, as added by chapter 535 of the Laws of 1949, that: "A rent exceeding the amount of the emergency rent may likewise be fixed by the supreme court for business space as provided in this paragraph. In any such alternative proceeding to fix rents in a building or other rental areas, the court shall first determine the basic return on the store space and of the office space separately, in each instance *as in this section* prescribed. [Emphasis supplied.] A net annual return of six per centum per annum on the fair value of the entire property, plus two per centum of the value of the land and buildings, shall be deemed to be a basic return and allocated to such office space and to the store space, respectively. When the amount of such basic return has been determined, the court shall then determine separately the fair rental value per square foot of the rentable office space and of the rentable store space in such building or other rental area by dividing the amount of the total of the net rentable office space and of the net rentable store space into each of the above mentioned totals of basic return found as aforesaid ".

Reading this paragraph together with the other provisions of the section as it must be done, it is not difficult to perceive that the Legislature intended that the landlord receive a fair and reasonable income from a certain class of tenants whose present rent does not yield a fair return to the owner on the proportionate space occupied.

This conclusion is made abundantly clear by a brief analysis of the first three paragraphs which comprise section 4 of the Business Rent Law, as amended by chapter 535 of the Laws of 1949. The first paragraph concerns itself with the fixation of emergency rent for business space by arbitration or by the Supreme Court. It is there stated that " due consideration shall be given to the cost of maintenance and operation of the entire property ". The second paragraph of this section relates to the first and provides that in any proceeding or arbitration under this section the bill of particulars provided for in this paragraph shall set forth " * * * the cost of maintenance and operation of the building or other rental area during the preceding year " and " such other facts as the landlord claims affect the net income of the entire building or other rental area, or the reasonableness of the rent to be charged ". While the third paragraph of section 4 is silent with respect to the inclusion of costs of operation and maintenance, it must be deemed that such was intended if the result contemplated by the enactment is to be attained. Without the inclusion of cost of maintenance and operation, the net return of 6% and 2% provided for in the statute under the alternative proceeding could not be determined. Obviously there can be no net income where cost of maintenance and operation is eliminated from consideration.

Going a step further it is observed that the first sentence of the third paragraph of section 4 empowers the court to fix a rent exceeding the amount of the emergency rent. The next sentence provides that in the alternative proceeding the court shall first determine the basic return on store space and office space separately, " in each instance as in this *section* prescribed." (Emphasis supplied.) The entire *section* determines how the basic return is to be determined, and not, exclusively, the paragraph; and the *section* provides for a bill of particulars which shall include cost of maintenance and operation. The paragraph then goes on to provide that a *net* annual return of 6% and 2% shall be deemed to be a basic return. At this point the basic return is found by the formula set forth in the preceding paragraphs of the section. This basic return is then allocated to the store space and office space respectively. The court in this way determines separately the fair rental value per square foot of the rentable office space and of the rentable store space by dividing the amount of the total of the net rentable office space and of the net rentable store space into each of the above-mentioned totals of basic returns found as aforesaid. The fair reasonable rental is thus evolved for the proportionate space occupied by

each tenant and its yield under the formula provided by the Legislature must equal 8% of the value of the particular space occupied.

It follows, therefore, that as cost of operation and maintenance are impliedly included, and even inherent, in any formula to be applied in fixing rents under the third paragraph of section 4 of the Business Rent Law, as amended by chapter 535 of the Laws of 1949, that the petition is sufficient without the allegations contained in paragraph 7 thereof. The motion for reargument is granted and the original decision of the court is adhered to.